UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HORACE PALMER and FELICIA MILLER,

                    Plaintiffs,                  <u>MEMORANDUM AND ORDER</u>

   -against-                           CV 2:11-cv-675 (LDW) (AKT)

LIF INDUSTRIES, INC., f/d/b/a LONG
ISLAND FIREPROOF DOOR, INC., *et al.*,

                    Defendants.
--------------------------------------------------------X
WEXLER, District Judge

      In their First Amended Complaint in this action, plaintiffs Horace Palmer

("Palmer") and Felicia Miller ("Miller") assert employment discrimination and related

claims against defendants LIF Industries, Inc., f/d/b/a Long Island Fireproof Door, Inc.

("LIF"), Mark Schild ("Schild"), Greg Johansen ("Johansen"), and John Ciampi

("Ciampi") under (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 1983; (3) Title VII of Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (4) New York State Human Rights Law,

N.Y. Exec. Law § 290 *et seq.*; (5) New York State Labor Law, N.Y. Labor Law § 190 *et*

*seq.*; and (6) New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code

§ 8-101 *et seq.*  Defendants LIF, Johansen, and Ciampi moved to dismiss the NYCHRL

claims (counts six and seven) and the § 1983 claim (count eight) under Federal Rule of

Civil Procedure ("FRCP") 12(b)(6).  Defendant Schild moved to dismiss the claims

asserted against him under FRCP 12(b)(6) and, alternatively, to sever and for separate

trials under FRCP 20(b), 21, and 42.  Plaintiffs opposed the motions.  Since then,

plaintiffs have dismissed the action as against Schild, Johansen, and Ciampi, leaving only

LIF as a defendant. Accordingly, the dismissed defendants' motions are denied as moot.

LIF's motion to dismiss remains outstanding. For the reasons below, LIF's motion to

dismiss is granted.

## I. BACKGROUND

For purposes of this decision, the relevant allegations can be summarized as

follows. LIF is a private company based in Port Washington, New York, located in

Nassau County. LIF manufactures steel doors and hardware. Miller was hired by LIF in

May 2001, and has worked at Port Washington as a receptionist and administrative office

assistant. Palmer was hired as a project manager in September 2006 to work in Port

Washington, where he worked until July 2009. Both plaintiffs reside in New York City,

in Queens County. LIF has a distribution and wholesale division located in New York

City, in Whitestone, New York, but neither plaintiff is alleged to have worked there.

LIF's work includes projects in New York City. Palmer, during his employment,

regularly visited New York City work sites.

Plaintiffs claim that, while they were employed at LIF, defendants engaged in

racial discrimination and retaliation and created a hostile work environment.

Nevertheless, plaintiffs do not allege that LIF or its employees engaged in discrimination,

harassment, or retaliation within New York City or that Miller ever traveled there as an

employee of LIF.  They do allege that Johansen made potentially racially-motivated remarks to Palmer in April 2009 in connection with a drive in Palmer's car to a project in Manhattan.  In this respect, plaintiffs allege that Johansen ordered Palmer not to "play any of that rap shit, please," and asked Palmer if he was sure that Palmer's car was not "stolen."  First Amended Complaint ¶ 100.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). While heightened factual pleading is not the new order of the day, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all inferences in favor of the non-moving party.  *Plair v. City of New York,* 2011 WL 2150658, *2 (S.D.N.Y. 2011).  However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010).  A pleading that does nothing more than recite facts and bare legal conclusions is insufficient to "unlock the doors of discovery ... and only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 129 S. Ct. at 1950.

B.  Analysis of Motion

    1.  NYCHRL Claims

As for LIF's motion to dismiss the NYCHRL claims, LIF argues that these claims must be dismissed because plaintiffs fail to allege intentional acts of discrimination by LIF that occurred in New York City.  Plaintiffs argue that the NYCHRL claims are sufficient because they are residents of New York City.  LIF argues that the NYCHRL only applies to conduct occurring in New York City, regardless that plaintiffs are New York City residents.  Plaintiffs respond that even if their New York City residency is not sufficient to invoke the NYCHRL, they sufficiently plead that each suffered "discrimination and resulting injury" within New York City.  Plaintiffs' Omnibus Memorandum of Law in Support of Opposition to Defendants' Motions to Dismiss ("Plaintiffs' Mem.") at 11; *see id.* at 12 ("Plaintiffs suffered [severe emotional distress and humiliation] both at the workplace and at home, as part of their daily lives.").

Upon consideration, the Court agrees with LIF that, to the extent plaintiffs' NYCHRL claims are based solely on their New York City residency – and the "impact" that the alleged discrimination had on them "at home," Plaintiffs' Mem. at 12 – the claims are not sufficient.  *See Duffy v. Drake Beam Morin, Harcourt Gen., Inc.*, No. 96 Civ. 5606 (MBM), 1998 WL 252063, at *11-12 (S.D.N.Y.  May 19, 1998) (Mukasey, J.); *Casper v. Lew Lieberman & Co.*, No. 97 Civ. 3016 (JKG), 1998 WL 150993, at *4-5 (S.D.N.Y.  Mar. 31, 1998) (Koeltl, J.); *Lightfoot v. Union Carbide Corp.*, No. 92 Civ.

6411 (RPP), 1994 WL 184670, at *5 (S.D.N.Y. May 12, 1994) (Patterson, J.), *aff'd in part, vacated in part, and remanded on other grounds*, 110 F.3d 898 (2d Cir. 1997).

Plaintiffs fail to allege intentional acts of discrimination by LIF that occurred in New York City. The vague reference to a remark by Johansen to Palmer in connection with a car ride to Manhattan is not sufficient to state a claim. It is not even clear that the alleged comments were made in the city. If, following discovery, plaintiffs are able to plead that relevant acts of discrimination occurred in New York City, they may then seek leave to replead the NYCHRL claims.

    2. Section 1983 Claim

As for LIF's motion to dismiss the §1983 claim, LIF argues that plaintiffs fail to plead state action, as required for such a claim. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law."). The Court agrees. "Actions by a private party are deemed state action if 'there is a sufficiently close nexus between the State and the challenged action' that the actions by the private parties 'may be fairly treated as that of the State itself.' " *Chan v. City of New York*, 1 F.3d 96, 106 (2d Cir. 1993) (*quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). Significantly, acts of private contractors "do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982). In

response to LIF's motion, plaintiffs state in their brief that discovery will show "that a substantial percentage of LIF's business activities are contracts and projects secured with [state or local government departments or agencies]," and that LIF's challenged actions were under color of state law based on a close nexus or symbiotic relationship between LIF and the state.  Plaintiffs' Mem. at 14-15.  To support their position, plaintiffs rely primarily on the allegation that Schild advised a non-party that LIF employed African Americans "to meet minority quotas needed to secure government contract bids for construction jobs."  First Amended Complaint ¶ 76; *see id.* ¶¶ 38(e), 84, 87 and 88. Despite plaintiffs' assertions, the Amended Complaint does not sufficiently allege any nexus or relationship between LIF's alleged discrimination, harassment, and retaliation and the state.  Accordingly, the §1983 claim is dismissed.

## III.  CONCLUSION

For the above reasons, (1) the dismissed defendants' motions are denied as moot; and (2) LIF's motion to dismiss is granted, and counts six, seven and eight of the First Amended Complaint are dismissed.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       December 22, 2011